USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

KINGSLEY OTENG-AMOAKO,

                Plaintiff,

  - against -

HSBC BANK USA, HARRY GUO, and
GORDON G. LIU

                Defendants.

------------------------------------------------------------x

**REPORT AND RECOMMENDATION TO THE HONORABLE PAUL A. CROTTY**

13 Civ. 5760 (PAC) (FM)

**FRANK MAAS**, United States Magistrate Judge.

    Pro se plaintiff Kingsley Oteng-Omoako ("Oteng-Amoako"), a former HSBC employee, brings this employment action against HSBC Bank and two of its supervisors (collectively, the "Defendants"), alleging that they wrongfully terminated him, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"), on the basis of his race and color. The Defendants have moved to dismiss the Title VII claims against the supervisors pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 23).

    It is well-settled in this Circuit that "individual supervisors are not subject to liability" under Title VII. Mandell v. Cnty. of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003); Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000). Accordingly, the Court

must dismiss the Title VII claims against the supervisors. The dismissal of the Title VII claims against the supervisors nevertheless leaves Oteng-Amoako with HSBC as a defendant, and, therefore, able to pursue his Title VII claim.

In addition, because Oteng-Amoako is proceeding pro se, the Court must liberally construe his complaint, and "interpret [it] to raise the strongest arguments that [it] may] suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Oteng-Amoako consequently should be permitted to amend his complaint, provided he does so expeditiously, to assert claims against the supervisor defendants under the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1)(a) ("NYCHRL"), assuming he can allege facts establishing that the supervisors "actually participate[d] in the conduct giving rise to [the] discrimination claim." Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995), abrogated on other grounds by Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998).

## Notice of Procedure for Filing Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (e). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of Honorable Paul A. Crotty and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b). Any

requests for an extension of time for filing objections must be directed to Judge Carter. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b).

Dated:      New York, New York
            February 3, 2014

FRANK MAAS<br>
United States Magistrate Judge

Copies to:

Counsel via ECF

Kingsley Oteng-Amoako
41-26 73rd Street, Apt# C42
Woodside, NY 11377