McGuireWoods LLP
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
Phone: 312.849.8100
Fax: 312.849.3690
www.mcguirewoods.com

**McGUIREWOODS**

Peter A. Milianti
Direct: 312.750.2765

312-920-6137
pmilianti@mcguirewoods.com

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/6/14

May 6, 2014

**Via ECF and FedEx**

Hon. Frank Maas, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 20A
New York, NY 10007-1312

Re:   *Kingsley Oteng-Amoako v. HSBC Bank*, Case No. 13-cv-5760 (PAC)(FM)

Dear Judge Maas:

The undersigned is counsel for Defendant HSBC Technology & Services (USA) Inc. (incorrectly named as "HSBC Bank USA" (hereinafter "HSBC")) in the above referenced matter. Pursuant to Local Rule 37.2, Your Honor's Individual Practices, and Your Honor's May 5, 2014 Order, Dkt. No. 41, HSBC respectfully requests a pre-motion discovery conference for its anticipated Motion to Compel Plaintiff's Responses to Defendant's Discovery Requests and its Motion for Entry of a Protective Order. HSBC also respectfully requests this conference be conducted via telephone so HSBC's out-of-state counsel can participate.

*Handwritten endorsement:* The Court will hold a conference in Courtroom 20A on 5/12/14 at 10 a.m. The Plaintiff and a representative from McGuireWoods must attend in person. Mr. Milianti may participate by telephone. /s/ Maas, USMJ, 5/6/14

**1. Introduction**

On January 29, 2014 this Court set a four-month discovery period for this case. (Dkt. No. 28). The Parties were to serve written discovery requests by February 27, 2014, respond to the discovery by no later than March 31, 2014, and complete depositions by May 28, 2014.[1] HSBC has complied with each of these deadlines and has attempted to work with Plaintiff so he could meet his discovery obligations. However, Plaintiff has consistently failed to appropriately respond to HSBC's discovery requests despite numerous extensions. Accordingly, HSBC asks this Court to compel Plaintiff to respond to HSBC's discovery requests as detailed below.

**2. Requests for Production**

HSBC has yet to receive *any* responses to its Requests for Production of Documents. On February 14, 2014, HSBC served its document requests on Plaintiff. Plaintiff failed to respond to any of HSBC's discovery requests by the Court's March 31 deadline. As a result, on April 1,

---

[1] At the time, Plaintiff argued that this discovery period was too long. (Dkt. No. 31). He stated that "any proposed schedule that would require *pro se* representation past March 2014 would simply not be possible." (*Id.*).

Case 1:13-cv-05760-PAC-FM   Document 42   Filed 05/06/14   Page 2 of 3

Hon. Frank Maas, U.S.M.J. May 2, 2014
Page 2

2014, HSBC emailed Plaintiff advising him that his discovery responses were overdue and asking him to serve his responses by Friday, April 4. Plaintiff did not respond until April 7, when he emailed counsel for HSBC asserting that his responses to HSBC's Requests for Production would be available shortly. When Plaintiff failed to provide responses by April 21, 2014, counsel for HSBC sent another letter to Plaintiff requesting that he provide responses by no later than April 29, 2014.

To date, HSBC has not received any (1) written responses to HSBC's Requests for Production, or (2) a single responsive document. Accordingly, HSBC requests that this Court order Plaintiff to immediately provide written responses to HSBC's Requests for Production and produce responsive documents.

### 3. Protective Order

HSBC also respectfully requests the Court enter the attached Protective Order in this matter. On March 28, 2014, HSBC forwarded Plaintiff a proposed protective order, a copy of which is attached as **Exhibit A**. HSBC explained that the order would allow both parties to produce documents containing proprietary business information and other private, personnel information. Despite HSBC following-up with Plaintiff on several occasions, Plaintiff failed to even acknowledge receipt of this protective order for over a month.[2]

On April 25, 2014, instead of executing HSBC's proposed protective order or providing comments, Plaintiff emailed counsel for HSBC a different proposed protective order.[3] While not entirely clear, Plaintiff now appears to be suggesting that he has not produced any documents because every single document in his possession is "confidential" and requires the entry of a protective order prior to production. As an initial matter, Plaintiff's belated claim of confidentiality does not excuse his failure to provide written responses to HSBC's Requests for Production. Moreover, Plaintiff's conduct is causing unnecessary delays in the discovery process. Accordingly, HSBC respectfully requests that the Court enter its draft protective order so that HSBC can receive discovery to which it is entitled.

### 4. Interrogatory Responses

---

[2] Despite Plaintiff's failure to respond to HSBC's request for a protective order, HSBC produced written discovery responses to Plaintiff and all non-confidential documents on March 31, 2014 in accordance with this Court's discovery schedule. HSBC also reminded Plaintiff that it had additional confidential documents to produce upon entry of a protective order.

[3] HSBC objects to Plaintiff's proposed protective order on a number of grounds. Most significantly, its definition of "confidential information" is too narrow. It would apply only to proprietary business information and not to the personnel records and other personal information that may be implicated in this case. Plaintiff's proposed protective order would also place onerous requirements on parties wishing to use confidential documents in filings with the Court, including filing such documents under seal. As such, HSBC respectfully requests the Court enter its proposed protective order, which does not contain these objectionable provisions.

Hon. Frank Maas, U.S.M.J. May 2, 2014
Page 3

HSBC also requests that the Court order Plaintiff to supplement his Interrogatory Responses. Pursuant to Local Civil Rule 33.3, HSBC served limited interrogatories on Plaintiff requesting information about (1) witnesses with knowledge or information relevant to Plaintiff's action, (2) the computation of Plaintiff's damages, and (3) Plaintiff's attempts to mitigate his damages. On two occasions – in his initial responses on April 7, and then on April 29 after HSBC requested he supplement his response – Plaintiff provided incomplete or non-responsive answers to these Interrogatories. (A copy of HSBC's Letter and Plaintiff's response are attached as **Exhibit B** and **Exhibit C**, respectively). Most recently, Plaintiff has refused to:

- Identify additional people with information relating to his complaint, because "the parties [Plaintiff] may have been in communication with would likely have no direct relationship to the defendants. . ." and because the information they have is confidential;

- Calculate or provide any details about how he arrived at his alleged $5.4 million in damages;

- Provide sufficient details about his attempts to mitigate damages, including information about the five job applications per week Plaintiff claims to have submitted and the details surrounding a temporary position Plaintiff claims to have held in 2012.

HSBC respectfully requests this Court order Plaintiff to adequately answer its basic interrogatory requests and provide (1) the identity of people with knowledge of Plaintiff's claims; (2) details concerning how Plaintiff calculated his alleged $5.4 million damages figure; (3) a list of employers to which Plaintiff has applied and any documents evidencing these attempts; and (4) details concerning Plaintiff's temporary employment with Barclays Capital, including how he obtained the position, when he held it, its salary, and why the position ended.

### 5. Deposition Date

Finally, HSBC will comply with this Court's May 5, 2014 Order relating to Plaintiff's deposition. (Dkt. No. 41). HSBC will take Plaintiff's deposition, as noticed, on May 20, 2014. The deposition will commence at 9:00 a.m. at its counsel's office, McGuireWoods LLP, 1345 Avenue of the Americas, 7th Floor, New York, New York 10105-0106, (212) 548-2100. HSBC does not anticipate the deposition lasting more than seven hours. However, should circumstances arise that prohibit its completion in this time frame, HSBC respectfully requests this Court reserve ruling on allowing for additional time as permitted by Fed. R. Civ. P. 30(d)(1).

Accordingly, HSBC respectfully requests a telephonic pre-motion discovery conference.

Respectfully submitted,

Peter A. Milianti
*Attorney for Defendant HSBC*

cc: Kingsley Oteng-Amoako (Via FedEx and Email)