UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

KINGSLEY OTENG-AMOAKO,                     :

         *Plaintiff*,                          :

  *-against-*                               :

HSBC BANK USA,                             :

         *Defendant*.                         :

-------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: *5- 19-15*

13 cv 5760 (PAC) (FM)

**ORDER ADOPTING REPORT
& RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

    *Pro se* Plaintiff Kingsley Oteng-Amoako brings this employment discrimination action against Defendant HSBC Bank USA ("HSBC") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff claims HSBC terminated his employment on the basis of his race and color. HSBC moves for summary judgment pursuant to Fed. R. Civ. P. 56.

    On December 30, 2014, Magistrate Judge Maas issued his Report and Recommendation ("R & R), concluding that (1) Plaintiff failed to demonstrate a *prima facie* case of discrimination, and (2) even if Plaintiff could, Plaintiff failed to demonstrate HSBC's reason for terminating Plaintiff was pretextual. Magistrate Judge Maas recommended granting summary judgment.

    Plaintiff filed objections, raising discovery disputes and challenging the findings of HSBC's disciplinary investigation. For the reasons stated below, the Court adopts the R & R in full and GRANTS the motion for summary judgment.

### BACKGROUND[1]

    Plaintiff is a black male and a citizen of Australia, New Zealand, and Ghana. On March 31, 2011, Plaintiff was hired as a risk analyst in the Regulatory and Risk Analytics Group at

---

[1] The following background is taken from Judge Maas's R & R.

HSBC. In accepting the position, Plaintiff was required to comply with HSBC's Positive Work Environment Policy and Safety/Security Policy.

While Plaintiff received positive performance reviews, he was ultimately terminated after a human resources investigation concluded he violated HSBC's employment policies. The investigation was based on a co-worker's written complaint that Plaintiff—apparently irritated a group of co-workers were talking in a narrow hallway space and not an empty office— intentionally bumped a co-worker's shoulder with his shoulder and, as he brushed by the group, used offensive language. Human resources investigated the complaint, in accordance with its procedures. After interviewing a number of Plaintiff's co-workers, found that Plaintiff "acted in an inappropriate and aggressive manner." Based on the investigation's findings, HSBC concluded that Plaintiff violated HSBC employment policies and terminated his employment on February 14, 2012.

Plaintiff claimed his dismissal was race-based and filed a claim with the Equal Employment Opportunity Commission in April 2013. The claim was dismissed in May 2013 and Plaintiff initiated his Title VII suit on August 10, 2013.

## DISCUSSION

### I.    Legal Standards

#### A.  R & R Standard

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When no objections are made, the Court reviews the R & R for clear error. *See La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). If a party objects, however, the Court conducts a *de novo* review of the R & R's contested portions. *See Idlisan v. Mount Sinai Medical Center*, No. 12 Civ. 8935 (PAC)

(RLE), 2015 WL 136012, at * 2 (S.D.N.Y. Jan. 9, 2015). "If, however, the party makes only conclusory or general objections, or simply reiterates [their] original arguments, the Court reviews the [R & R] only for clear error." *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007) (citations and internal quotation marks omitted). In other words, the objecting party must point to the specific parts of the R & R to which they object and must articulate clear reasons for their objections. When objections are made by *pro se* parties, the Court construes them in their best light. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (describing the various forms of solicitude afforded to *pro se* litigants).

### B. Summary Judgment Standard

The Court may grant summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine question of material fact cannot exist if, "after adequate time for discovery and upon motion, [a party] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence is construed by the Court "in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in [their] favor." *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010) (citing *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 205 (2d Cir. 2005)).

## II. Analysis

Plaintiff raises three objections in response to the R & R.[2] First, Plaintiff argues he was

---

[2] While portions of Plaintiff's objections were not timely filed, the Court nevertheless considers them because of the "general policy of granting *pro se* litigants 'extra leeway in meeting the procedural rules governing litigation.'" *Rainey v. Hebrew Hosp. Home*, Inc., No. 08 Civ. 5828 (NRB), 2009 WL 1675401, *3 n.2 (S.D.N.Y. Jun. 15, 2009) (quoting *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008)).

3

denied access to materials and witnesses during discovery. Magistrate Judge Maas denied these discovery requests during a hearing on July 23, 2014, articulating clear and compelling reasons in each case.

Next, Plaintiff argues the altercation with his co-workers never occurred. Plaintiff's argument misunderstands the Court's role in adjudicating his Title VII claim. The Court's role is to determine whether HSBC's decision to terminate Plaintiff's employment—after a human resource investigation determined that he violated HSBC's employment policies—was racially motivated. The R & R concluded the termination was not racially motivated, since Plaintiff provided no evidence that HSBC treated him less favorably than a similarly situated person outside his protected class. Plaintiff fails to object to that conclusion.

Finally, Plaintiff argues that under the Bayesian Theorem,[3] HSBC's investigation should have inferred that he was "less-likely to have committed the act" and that racial discrimination was, therefore, "likely a confounding factor" in his dismissal. Plaintiff's argument does not object to any portion of the R & R and does not come to grips with the requirement that in a Title VII case, a claimant's evidence of discrimination must be analyzed under the *McDonnell Douglas* framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Whatever may be said of the Bayesian Theorem, it is not the appropriate legal standard for determining discrimination and pretext.

Since none of Plaintiff's arguments properly object to the R & R, the Court reviews the R & R for clear error and finds none. Magistrate Judge Mass correctly determined that while Plaintiff is a member of a protected class, who was qualified for his position and suffered

---

[3] The Bayesian Theorem is named after Rev. Thomas Bayes (1701–1761) and postulates a theory of relating current probability to prior probability. It has proven useful in drawing statistical inferences.

adverse employment action, Plaintiff fails to discharge his burden of demonstrating a *prima facie* case of discrimination under the first stage of the *McDonnell Douglas* framework. And even if Plaintiff could so demonstrate, Plaintiff fails to provide any evidence that HSBC's reason for terminating him was a pretext for discrimination under the final step of the *McDonnell Douglas* framework.

Accordingly, the Court adopts the R & R's findings and GRANTS the motion for summary judgment.

## CONCLUSION

For the reasons above, the Court GRANTS HSBC's motion for summary judgment. The Clerk of Court is directed to enter judgment and close the case.

Dated: New York, New York
      May 19, 2015

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies mailed to:      Kingsley Oteng-Amoako
                      1642 Lexington Ave, #11
                      New York
                      NY 10029